# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALLY CHAND, *et al.*,<br><br>   *Plaintiffs,*<br><br>  v.<br><br>MTN IRANCELL TELECOMMUNICATIONS SERVICES COMPANY, *et al.*,<br><br>   *Defendants.* | Case No.: 1:22-cv-00830-RDM |

## MTN DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants MTN Group Limited, Phuthuma Nhleko, and Irene Charnley (together, the "MTN Defendants") submit this notice to inform the Court of the U.S. Court of Appeals for the D.C. Circuit's decision *Keren Kayemeth LeIsrael – Jewish Nat'l Fund v. Educ. for a Just Peace in the Middle East*, No. 21-7097, 2023 WL 3184625 (D.C. Cir. May 2, 2023).[1] *Keren* supports granting the MTN Defendants' Motion to Dismiss (Dkt. 20) for failure to state a direct-liability claim under the Anti-Terrorism Act ("ATA"). Like the plaintiffs in *Keren*, Plaintiffs here have not sufficiently pleaded that the MTN Defendants proximately caused their injuries.

In *Keren*, the plaintiffs alleged that they suffered from various incendiary kite and balloon attacks perpetrated by the designated foreign terrorist organization, Hamas. *Keren*, 2023 WL

---

[1] Separately, on May 18, 2023, the Supreme Court issued a decision in *Twitter, Inc. v. Taamneh*, No. 21-1496, 2023 WL 3511531 (U.S. May 18, 2023), addressing the ATA. *Twitter* concerned aiding-and-abetting liability under 18 U.S.C. § 2333(d)(2), which is not at issue in this Complaint, as Plaintiffs have advanced only direct-liability claims. The Supreme Court described Section 2333(d)(2), the statute's secondary-liability provision, as the reason ATA plaintiffs "are not limited to suing the individual terrorists or organizations that directly carried out the attack." *Id.* at *4. The MTN Defendants are not like the individual terrorists or organizations that directly carried out the attacks at issue in this case, and as explained in the Motion to Dismiss, they cannot properly be considered as perpetrators of acts of international terrorism.

3184625, at *1.  As to their direct-liability claim, the plaintiffs alleged that the defendant supported Hamas by giving money to a different organization, Boycott National Committee, which was allegedly a "direct front for Hamas." *Id*. at *2.  The district court granted the defendant's motion to dismiss for failure to state a claim.  *Id*.

The D.C. Circuit affirmed.  It noted that the "linchpin" of the direct-liability claim was the plaintiffs' "bold assertion" that Boycott National Committee is a "direct front for Hamas." *Id*. at *4 (citations omitted).  But the complaint did not contain sufficient allegations to support such an assertion, including allegations about "the nature and extent" of the defendant's donations to the Boycott National Committee, "how the Boycott National Committee spen[t] its funds," or how donations to the Boycott National Committee were "funneled" to Hamas.  *Id*.  And crucially, even if the Court "assume[d] that Hamas and the Boycott National Committee are conjoined," the plaintiffs still would have failed to allege that the defendant proximately caused their injuries because they did not plead that "the money provided to the Boycott National Committee by [defendant] funded incendiary attacks." *Id*.

These deficiencies, among many others, compel dismissal here as well.[2]

*First*, as in *Keren*, Plaintiffs' claims are predicated on their conclusory assertion that two members of the MTN Irancell joint venture, Bonyad Mostazafan and Iran Electronics Industries ("IEI"), are "fronts" for the Islamic Revolutionary Guard Corps ("IRGC").  Dkt. 20-1 at 19; Dkt. 28 at 9-11.  But that conclusory assertion is not just unsupported—it is contradicted by documents cited in Plaintiffs' Complaint showing that neither organization was designated by the United

---

[2] The D.C. Circuit did not have to decide whether the plaintiffs in *Keren* had sufficiently alleged that by providing financial support, the defendant "committed an act of international terrorism." *Keren*, 2023 WL 3184625, at *3 (citations omitted).  Here, Plaintiffs' failure to sufficiently allege that the MTN Defendants themselves committed an act of international terrorism is an additional and independent ground to dismiss their claim.  Dkt. 20-1 at 49-56, Dkt. 28 at 24-29.

States for ties to either the IRGC or terrorism.  Dkt. 20-1 at 21–22; Dkt. 28 at 9-11.

*Second*, as in *Keren*, even if Bonyad Mostazafan and IEI could be considered IRGC fronts in some general sense, the Complaint does not contain any allegations demonstrating that the MTN Defendants' minority, non-controlling investment in Irancell was used to further *the attacks* at issue.  Dkt. 20-1 at 13, 60-62; Dkt. 28 at 29-31.  For example, the Complaint lacks any allegations showing how any profits Bonyad Mostazafan and IEI earned from the joint venture were actually used to perpetrate the attacks that injured Plaintiffs.  *Id*.  Nor does the Complaint allege that any MTN Defendant caused or participated in any attacks.  Dkt. 20-1 at 62.  Instead, Plaintiffs' core theory of causation is predicated on allegations that some unnamed "agents" of some "MTN" entity procured telecommunications equipment for Irancell's network.  *Id*. at 62-63.  But Plaintiffs have not alleged that any such equipment played any role in the attacks that led to their injuries.  *Keren* makes clear that in the absence of such allegations showing that the MTN Defendants' conduct "led to the [attacks]" at issue, Plaintiffs' direct-liability claim under the ATA must be dismissed.  *Keren*, 2023 WL 3184625, at *5.

Dated: May 25, 2023

Respectfully submitted,


/s/ *David M. Zionts*

David M. Zionts (D.C. Bar No. 995170)
Covington & Burling LLP
One CityCenter
850 Tenth Street N.W.
Washington, DC 20001
Telephone: (202) 662-5987
Facsimile: (202) 778-5987
dzionts@cov.com

Benjamin S. Haley (D.C. Bar No. 500103)
Covington & Burling (Pty) Ltd.
Rosebank Link
173 Oxford Road, 7th Floor
Johannesburg 2196, South Africa
Telephone: +27 (11) 944-6914
bhaley@cov.com

/s/ *Timothy P. Harkness*

Timothy P. Harkness (D.D.C. Bar No. NY 0331)
Kimberly H. Zelnick (D.D.C. Bar No. NY 0325)
Scott A. Eisman (D.D.C. Bar No. NY 0326)
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
timothy.harkness@freshfields.com
kimberly.zelnick@freshfields.com
scott.eisman@freshfields.com


*Counsel for MTN Defendants*

4